# IN THE COURT OF APPEALS OF IOWA

No. 18-2111
Filed March 6, 2019

IN THE INTEREST OF J.K. and F.S.,
Minor Children,

J.K., Mother,
        Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic,

District Associate Judge.


        A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**


        Elizabeth A. Batey of Vickers Law Office, Greene, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Cynthia Schuknecht of Noah, Smith, Schuknecht & Sloter, P.L.C., Charles

City, guardian ad litem for minor children.


        Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of her parental rights to her children: J.K., born in 2016, and F.S., born in 2018. She contends the State failed to prove the grounds for termination by clear and convincing evidence. She also alleges that the State failed to make reasonable efforts to return the children to her care and that termination is contrary to the children's best interests. She asks for an additional six months to allow the children to be returned to her care. We review her claims de novo. *See In re A.*S., 906 N.W.2d 467, 472 (Iowa 2018).

The Iowa Department of Human Services (DHS) became involved with the family after receiving concerns about the condition of the family's home in February 2018. Although the child protective assessment found the allegations of denial of critical care for failure to provide adequate shelter were not confirmed, it assessed "a high risk level" for the family. Specifically, it noted that the mother had a history of substance abuse and untreated mental illness and that "[e]very professional that came into contact with the family had concerns about the parenting and general care of the children." The mother's parental rights to her older children were terminated in 2013.

The record documents a myriad of concerns about the children's safety and the mother's ability to provide adequate care. F.S. had scabies and was not gaining weight, although there was no medical reason for her failure to gain weight aside from not being fed enough. The mother appeared to be experiencing post-partum psychosis and needed prompting to provide care for F.S. J.K. had a speech delay and developmental delays in all areas except gross motor skills. Although J.K.'s teeth were rotten, the mother had never taken J.K. to the dentist.

In general, the record shows the mother failed to recognize and provide for the children's needs.

The children were removed from the mother's care in March 2018 and were adjudicated to be in need of assistance the following month. Following placement in foster care, J.K.'s speech improved significantly and F.S. began to gain weight. In contrast, the mother remained unemployed and struggled to maintain housing. The mother admitted to using both methamphetamine and heroin during the pendency of the child-in-need-of-assistance proceedings.

The State filed a petition seeking to terminate the mother's parental rights to both children in August 2018, and a termination hearing was held in November 2018. Five days later, the juvenile court entered its order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2018).

**I. Grounds for Termination.**

The mother contends the State failed to prove the grounds for termination by clear and convincing evidence. Although the juvenile court terminated parental rights on more than one ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). In order to terminate under Iowa Code section 232.116(1)(h), the State must prove the following by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not challenge the sufficiency of the proof on the first three elements of this section. She instead argues the State failed to prove the children could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"). "[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (alteration in original) (citation omitted).

Clear and convincing evidence shows that returning the children to the mother's care would expose them to adjudicatory harm. The mother claims there is insufficient evidence that the children would suffer harmful effects as a result of her failure to exercise a reasonable degree of care in supervising the children because there is no evidence the children have been harmed during visits. However, the mother's visits with the children remained fully supervised at the time of the termination hearing. The service provider who supervised visits reported there had been no progress in the months leading up to the termination hearing, the issues that led to the offer of services remained unresolved, and the mother continued to need prompting to interact with the children. Because returning the children to the mother's care would expose the children to imminent likelihood of harm, *see* Iowa Code § 232.2(6)(c), we may affirm the termination of the mother's parental rights pursuant to section 232.116(1)(h).

**II. Reasonable Efforts.**

The mother contends the State failed to make reasonable efforts to reunify her with the children. She notes that her psychological evaluation diagnosed her with Borderline Personality Disorder and states that effective treatment "requires finding a qualified therapist who can administer Dialectical Behavior Therapy (DBT) or the Systematic Training for Emotional Predictability and Problem Solving (STEPPS) that typically requires frequent and intensive treatment for a prolonged period of time." She complains that after the DHS received the results of the evaluation, it failed to incorporate these recommendations into its recommendations for permanency and instead recommended termination of her parental rights.

Iowa law requires the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." *Id.* § 232.102(9). The requirement "is not viewed as a strict substantive requirement of termination. Instead, the scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

Although the State has an obligation to make reasonable efforts toward reunification of the family, "a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

> In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding. If a parent has a complaint regarding

services, the parent must make such challenge at the removal, when the case permanency plan is entered, or at later review hearings. Moreover, voicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge.

*In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (citations omitted). The mother claims she preserved error by requesting six months of additional reunification services and by timely filing a notice of appeal. However, filing notice of appeal is insufficient to preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).

Even assuming the mother preserved error, the record shows reasonable efforts were made. The juvenile court found the DHS provided "FSRP services, child abuse assessments, FAADS, HUD housing, mental health treatment, substance abuse treatment, couples counseling, psychological evaluation, parenting assessment, Family Team Meetings, AA/NA meetings, foster care placement, Parent Partner, ISU nutrition referral, AEA services, medical interventions, Public Health services, case management services and supervised visitation." On this basis, the court concluded the State thereby fulfilled the reasonable-efforts requirement. We agree. The record shows the State offered the mother services to remedy the need for the children's removal, but the mother failed to make the changes necessary to ensure the children's safety.

**III. Best Interests.**

The mother also contends termination is not in the children's best interests. *See D.W.*, 791 N.W.2d at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In making this determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence supports the finding that terminating the mother's parental rights is in the best interests of the children. The mother is unable to provide adequate care to ensure the children's safety, and the circumstances that led to the children's removal continued to exist at the time of the termination hearing. The mother has demonstrated little motivation or interest in making the changes necessary to provide the children with a safe and stable home. The children are young, and the bond between the children and the mother is weak. Because termination is in the children's best interests, we affirm.

**IV. Additional Time.**

Finally, the mother asks for additional time to allow the return of the children to her care. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of the child for an additional six months if it is determined "that the need

for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). However, the record shows the need for removal will continue to exist even if the mother is granted additional time. Furthermore, as stated above, delaying the children's permanency is contrary to their best interests. *See H.S.*, 805 N.W.2d at 748 (noting the need for a permanent home is one of the chief considerations in determining a child's best interests). Children are not equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *C.B.*, 611 N.W.2d at 494. Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Accordingly, we decline to grant the mother additional time.

**AFFIRMED.**